IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUZ D. MONTAÑEZ-CARTAGENA<br>Plaintiff<br>vs<br>POPULAR MORTGAGE INC.<br>POPULAR, INC.<br>ABC CORPORATION<br>DEF INSURANCE<br>Defendants | CIVIL 06-1551CCC |

## OPINION AND ORDER

The Court has before it plaintiff Luz Montañez-Cartagena's Motion in Limine **(docket entry 22)** and Popular Mortgage Inc.'s (PMI) objections to plaintiff's proposed witnesses and exhibits set forth in its motion for summary judgment (**docket entry 23**), filed the same date. Responses to both motions were filed (**docket entries 28 and 26**, respectively). Defendant filed a reply to plaintiff's response to its objections (**docket entry 30)**. We address plaintiff's motion first.

Motion in Limine (docket entry 22)

We initially note that plaintiff has not included the documents to which she objects as exhibits with her motion. She refers the court to defendant's statement of uncontested facts, wherein she tells us that we will find citations to those exhibits, which were attached to the motion. Instead, however, her citations are to the list of documents in the Pretrial Order, which is just that; a list. No documents are attached.[1]

Montañez objects to the following documents:

**a**. Internal communication from Mr. Carlos Mántaras to Ms. Vivian Colón, regarding plaintiff's transfer from the Production Center in Hato Rey to Affinity Groups, dated February

---

[1] The documents that accompany the motion for summary judgment are numbered; plaintiff's list identifies them with letters. For all practical purposes, we do not have exhibits to review.

CIVIL 06-1551CCC                             2

22, 2000; "Notificación de Acción de Personal" dated April 3, 2000; Internal communication from Ms. Neriliz Suárez to plaintiff regarding plaintiff's transfer from Affinity Groups/"Privilegio Corporativo" to Telemarketing, dated November 1, 2001; "Notificación de Acción de Personal" dated October 31, 2001. [Joint Proposed Pre-Trial Order ("JPPTO"), docket entry 18, Section IX, Page 40, Nos. 1-4.]

      **b**. Work Plan for "Proyecto Análisis de Competencias."  [Id., Page 40, No. 6.]

      **c.** PowerPoint slide show presentations of the corporate reorganization's process. [Id., Page 41, No. 7.]

      **d.** Plaintiff's "Análisis de competencias."  [Id., Page 41, No. 8.]

      **e**. Electronic communication from Ms. Sandra Tossas dated May 24, 2002. [Id., Page 41, No. 9.]

      **f**. Electronic communication from Ms. Sandra Tossas to all supervisors dated June 10, 2002.  [Id., Page 41, No. 10.]

      **g**. Minutes of Senior Management Meeting dated June 23, 2002.  [Id., Page 41, No. 11.]

      **h**. Electronic communication from Ms. Sandra Tossas to Mr. Carlos Mántaras dated June 23, 2002.  [Id., Page 41, No. 12.]

      **i**. Company-wide communication from Popular Mortgage's President, Mr. Silvio López, dated July 17, 2002.  [Id., Page 41, No. 13.]

      **j**. Employee reassignments following the 2002 corporate reorganization process. [Id., Page 42, No. 18.]

      **k**. Compensation scenarios schedule.  [Id., Page 42, No. 19.]

      **l.** Electronic communication from Ms. Elsie Flores from the Human Resources Department to Ms. Sandra Cabanillas regarding plaintiff's maternity leave dated December 5, 2002.  [Id., Page 42, No. 20.]

      **m.** Public relations officer's schedule.  [Id., Page 42, No. 23.]

CIVIL 06-1551CCC                                      3

In its opposition (docket entry 28), defendant addresses only objections **i** and **k**. The remainder of its motion is a general discussion of the applicable Rules of Evidence, without any reference to the specific documents objected.

Plaintiff objects to the items listed together under the letter "**a**" regarding plaintiff's transfer(s) and a notice of personnel action. She argues that they are irrelevant because they occurred too long before the events giving rise to this action in October 2002 and in different circumstances. She avers that it is prejudicial because it creates a false impression that the October, 2002 transfer was the same kind of change that occurred in February 2000 and November 2001. She also argues that they are of no consequence to the controversies in this case.

The second transfer on November 2001 took place 21 months after the first on February 2000; and the 2002 transfer in issue took place, 11 months after the second transfer. Neither transfer took place that long before the October 2002 transfer. It is relevant to the defense theory that this last transfer was but another transfer made as a business judgment during the course of a reorganization. Therefore, it is neither irrelevant nor immaterial to PMI's defense. Moreover, all evidence is meant to be prejudicial; it is only unfair prejudice which must be avoided. United States v. Tsé, 375 F.3d 148, 163. Therefore, the objection to these documents is **OVERRULED**.

Objections to **b, c, d, e, f, g, h, j, k, l**, and **m** are based on the inability to authenticate them and/or that they contain inadmissible hearsay. Plaintiff relies on Federal Rules of Evidence 801(c) and 901(a).

Rule 901(a) provides that the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. For example, the first in the list of illustrations in Rule 901(b) is "(1)Testimony of witness with knowledge." Therefore, the matter of authentication will be addressed at trial.

CIVIL 06-1551CCC                                            4

The hearsay exceptions to documents identified as **b**, **d**, **g**, **i** and **m** are OVERRULED.  Defendant Popular Mortgage, Inc. Shall, no later than October 22, 2008, file a detailed response to the objections raised to documents **c**, **e**, **f**, **h**, **j**, **k**, **l**, specifically addressing how these fall within the business records exception.  As to **c**, defendant shall state when the power point presentation was prepared and if it was for purposes of litigation.

II.  PMI's Motion in Limine (docket entry 23)

We now turn to PMI's objections to plaintiff's evidence (docket entry 23).  Defendant objects to Mr. Yavak Berríos-López, plaintiff's husband, and Mrs. Sonia Nieves as witnesses on the grounds that they were never announced prior to the submission of her portion of the Joint Proposed Pretrial Order nor were they included in plaintiff's mandatory Rule 26 disclosures.

Considering that the names of these two individuals, although not identified as witnesses were made known by plaintiff in response to interrogatory number 2 as individuals having knowledge of the facts and events relevant to this cases, that the trial has yet to be scheduled, the Court OVERRULES defendant's objection to plaintiff's husband Yavak Berríos-López and Sonia Nieves as witnesses subject to the following conditions: **(1) Plaintiff must make them available for deposition no later than November 21, 2008; (2) the JURY TRIAL is reset for February 17, 2009 at 10:00 AM.**

With regard to the expert witnesses "PMI adopts by reference as fully set forth at length herein any and all arguments submitted in support of its position regarding plaintiff's unwarranted use of the experts included in Section XII of plaintiff's portion of the Joint Preliminary Proposed Pretrial Order...." Id., at ¶19.  The Court notes, however, that there are no arguments of any type regarding the need for expert testimony in the pretrial order (docket entry 18).  In fact, the defendant states, at XII, "A separate motion will be filed prior to the Pre-

CIVIL 06-1551CCC                              5

rial Conference hearing to address Defendant's objection to the expert witness announced by Plaintiff." No such motion was filed, however.

Despite defendant's confidence about the untimeliness of the delivery of the experts' reports and its contention that experts' testimony are unwarranted, nowhere does PMI allege any prejudice from having received the experts' reports when it did, or why their testimony is unwarranted. Plaintiff alleges at page 10 of her complaint that the alleged discrimination has caused her emotional and mental condition including severe depression requiring hospitalization, and economic losses and deprivation of her salary and that, although she has found a new job, the compensation and salary is much lower. PMI does not explain why expert testimony on these matters would not be appropriate.

Most important, although the reports were due on July 31, 2007 and were not received until November 8, 2007, PMI does not allege any prejudice caused by the delay in receiving the experts' reports. A review of the record reflects that defendant did request an extension of discovery, see docket 14, which was granted, see docket 15, but that it was due to matters unrelated to the experts' reports. There is no evidence in the record that PMI sought any accommodation for the delay in receiving the expert reports, either by motion or at the pretrial conference on December 13, 2007. In fact, the pretrial order reflects that defendant, notwithstanding that it had received the reports over a month earlier, chose to burn its bridges on this matter:

> PMI consulted the services of several expert witnesses, however, since plaintiff failed to produce the corresponding expert reports within the deadline allowed by the Court, PMI did not retain the services of any such experts. For the aforestated reasons, plaintiff is barred from calling upon the expert witnesses herein announced.

Pretrial Order, supra, at XII-B.

Denial of preclusion of an expert for failure to timely file his report has been approved in this Circuit. See, Benítez Allende v. Alcan Aluminio do Brasil, S.A, 857 F.2d 26, (1st Cir.

CIVIL 06-1551CCC                                6

1988); Freeman v. Package Machinery Co., 865 F.2d 1331 (1st Cir. 1988); see also Potlatch Corp. v. U.S., 679 F.2d 153(9th Cir. 1982).

In taking into consideration all of the facts related to the delay–the circumstances of plaintiff's family crises, compounded by the experts' problems; that the plaintiff did ask for an extension of time based on this situation, albeit not long enough to resolve the matter; that defendant could have brought the delay in receiving the reports to the court's attention, but failed to do so, while requesting an extension for another reason; and that there was no prejudice to PMI,[2] the objection to the testimony of the two experts, Dr. Haydee Costas, psychiatrist, and Ramón Cao, an economist, is **OVERRULED**.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2008.

                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge

---

[2]That is, in hindsight, prejudice that was not self-inflicted,